IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TROY A BARNES,

    Petitioner,

v.                                             CASE NO. 5:14-cv-316-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  In reviewing this case, the Court determined that Petitioner was released from the custody of the Department of Corrections on November 6, 2014.  Petitioner  filed a change of address that he would be located at the Walton County Jail.  Doc. 4.  However, multiple orders sent to the address Petitioner provided, and an alternative address for the Jail, were returned as undeliverable.  Docs. 9, 10, 11, 15.

The Court ordered Petitioner to show cause on or before April 15, 2015, as to why this case should not be dismissed as moot and for failure to prosecute.  Doc. 16.  That order was mailed to Petitioner at his address of record, and an alternative address, but Petitioner has failed to respond to the Order.

Petitioner's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.  The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to

dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution.  N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985).  Here, Petitioner's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice for failure to comply with an order of the Court and failure to prosecute.

**IN CHAMBERS,** this 5th day of May, 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:14-cv-316-RS-GRJ*